**Alexander Wilson, Trading as Wilson Hardware Mfg. Co., Defendant in Error, v. Owen E. Murphy and John J. Murphy, Trading as Murphy & Co. (John J. Murphy, Plaintiff in Error).**

## Gen. No. 16,291.

1. APPEAL AND ERROR—*correction of transcript incorrect through a misprision of clerk.* Where the record of a trial court is corrected after the transcript is filed on appeal by an order of the trial judge reciting that the original record was incorrect through a *misprision* of the clerk of the court and that it was corrected on inspecting his written minutes and the records and files of the court, it is proper to make the correction and proper to show it by an additional transcript on appeal.

2. EVIDENCE—*when evidence of telephone conversation is inadmissible.* It would seem that the evidence of a witness as to a telephone conversation may be stricken if the identity and authority of the person at the other end of the wire is not sufficiently established.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 25, 1912. Rehearing denied and judgment modified June 10, 1912.

ALDEN, LATHAM & YOUNG, for plaintiff in error; CHARLES MARTIN, of counsel.

CHARLES S. KNUDSON, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In this case a motion of the plaintiff in error was reserved to the hearing. It was to strike an additional transcript of the record filed by the defendant in error from the files. It is now denied. We think it was proper to show here the correction which the court below made in its record after the plaintiff in error had obtained and filed a transcript here. The correction was made by an order of the Judge of the Municipal Court who tried the case, which recites that he made it on inspection of his written minutes and the records and files of the court, because the record as it originally stood was incorrect through a *misprision* of the clerk of the court. Under these circumstances it was proper to make the correction and proper to show it here.

We do not think it necessary to discuss the evidence affecting the merits. It was conflicting to some extent, and the dispute between the parties was one of fact. We are not prepared to say the finding and judgment of the court below was manifestly against the evidence, nor that the striking out of the report by the witness Walsh of a telephonic conversation was erroneous under the circumstances and state of the proof. The identity and authority of the person at the other end of the wire was not, in this case, we think, sufficiently established. We are not laying down a general rule, however, affecting such communica-

tions, for, in any event, the reported conversation was, in our opinion, immaterial.

The judgment of the Municipal Court is affirmed.

*Affirmed.*

ADDITIONAL OPINION PER CURIAM. This writ of error was sued out to review a judgment which as entered by *misprision* of the clerk was on its face erroneous. The record and abstract filed herein showed said judgment thus erroneously entered. The defendant in error was allowed to file a supplemental record showing a corrected entry of said judgment. The judgment is now affirmed, but the costs of this writ of error are taxed against the defendant in error.

*Affirmed.*